UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REBECCA ROMAN AND OLEG BONDAREV )<br>)<br>Plaintiffs,            )<br>)<br>v.                          )<br>)<br>DENIS RIORDAN, et al.,       )<br>)<br>Defendants.        )<br>_____ ) | CIVIL ACTION<br>NO. 15-40061-TSH |

## ORDER

**January 20, 2016**

Hennessy, M.J.

Currently before the court is plaintiffs Rebecca Roman and Oleg Bondarev's ("plaintiffs") motion to allow limited discovery (Docket #22). For the reasons set forth herein, plaintiffs' motion is denied.

Background and Procedural History

Plaintiffs initiated this action in May 2015 by filing a Complaint for Judicial Review Pursuant to the Administrative Procedures Act ("Complaint") (Docket #1). Per the Complaint, on July 24, 2012, plaintiff Rebecca Roman ("Roman") filed an immigration petition on behalf of her husband—then of approximately two-and-a-half months—plaintiff Oleg Bondarev ("Bondarev"). See Docket # 1 at ¶ 12. On December 3, 2012, the United States Citizenship and Immigration Services ("USCIS") interviewed the plaintiffs and issued a Notice of Intent to Deny ("NOID") the petition. Id. The USCIS concluded that "[b]ased on the inconsistencies of [Roman's] testimony and lack of evidence to the contrary it does not appear that [Roman] and [Bondarev] ever shared a bonafide family relationship for immigration purposes." See Docket # 21 at CAR 026. After

plaintiffs submitted additional documentation in support of their application, a second NOID was issued in May 2014, which "added a new basis for the denial of Ms. Roman's immigrant visa petition – Mr. Bondarev's allegedly fraudulent prior marriage" to Victoria Burns ("Burns").[1] See Docket # 1 at ¶¶ 11-14.  The second NOID cited Burns' testimony that Bondarev "approached her to marry him so that [Bondarev] could get a green card.  [Bondarev] offered Victoria Burns 55 grams of drugs in exchange for helping him.  The sole purpose of the marriage was to evade immigration laws." Docket # 21 at CAR 017.  It concluded that since Bondarev's marriage to Ms. Burns was fraudulent and entered into for the sole purpose of obtaining an immigration benefit, Bondarev was ineligible to be a beneficiary on a subsequent visa petition, pursuant to INA § 204(c), 8 U.S.C. § 1154.[2]  See id. at CAR 018-019, 023.

In response, plaintiffs submitted further documentation seeking to rebut the allegation of fraud; they now allege this information was ignored or discredited by USCIS, which denied their petition on July 24, 2014.  See Docket #1 at ¶ 15; Docket # 21 at CAR 077-090.  Plaintiffs then appealed to the Board of Immigration Appeals ("BIA"), which on February 20, 2015 issued a decision, agreeing with, *inter alia*, USCIS's determination that Bondarev's prior marriage had been fraudulent and denying plaintiffs' appeal.  See Docket # 1 at ¶¶ 16-17; Docket # 21 at CAR 008-014.  Both agencies' denials cited both issues, writing that approval of the petition was prohibited under INA § 204(c), and that Roman failed to demonstrate the validity of her marriage to Bondarev.  See Docket # 21 at CAR 008-014, 087.  The thrust of the present action is that the

---

[1] Bondarev and Burns divorced on August 29, 2011.  See Docket # 1 at ¶ 11.

[2] The statute provides in relevant part that "no petition shall be approved if (1) the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status . . . by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws."  See 8 U.S.C. § 1154(a)(2)(B)(c).

BIA decision—particularly its determination that Bondarev's prior marriage was fraudulent—is "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law" in violation of 5 U.S.C. §706(2)(A), and accordingly should be set aside. See generally Docket # 1 at ¶¶ 18-24

On November 13, 2015, defendants filed a copy of the administrative record of USCIS's review and determination concerning plaintiffs' petition. See Docket # 21. As indicated, the record contains, *inter alia*, USCIS's first and second NOIDs, its July 20, 2014 Denial Decision, and the BIA's February 20, 2015 Appeals Decision. See id. at CAR 008-026; 077-090. Notwithstanding, plaintiffs' instant motion contends that the administrative record is devoid of any information of the agencies' process of determining that Bondarev's prior marriage had been fraudulent. See Docket # 22 at p. 1. Accordingly, plaintiffs now seek further discovery in the form of depositions of two USCIS officers, notes and/or memoranda prepared in connection with USCIS's fraud determination, and documentation of the agency's standard practices in similar cases involving investigations of marriage fraud. See id. at p. 3. On January 8, 2016, the Honorable Timothy S. Hillman referred plaintiffs' motion to this court for a ruling. See Docket # 24. For the reasons set forth below, plaintiffs' motion is denied.

Legal Standard

A court's review of an agency decision pursuant to the Administrative Procedure Act "involves neither discovery nor trial," see Atieh v. Riordan, 727 F.3d 73, 76 (1st Cir. 2013), and accordingly, is generally limited to the administrative record. See, e.g., Boston Redevelopment Auth. v. Nat'l Park Serv., No. 14 Civ. 12990, 2015 WL 5074342, at *3 (D. Mass. Aug. 26, 2015) (citing cases); see also Olsen v. United States, 414 F.3d 144, 155 (1st Cir. 2005) ("The Supreme Court has consistently stated that review of administrative decisions is 'ordinarily limited to

consideration of the decision of the agency . . . and of the evidence on which it was based,' and that 'no de novo proceeding may be held.'") (quoting United States v. Carlo Bianchi & Co., 373 U.S. 709, 714-15 (1963)).  To this end, "[s]upplementing the administrative record on judicial review is [ ] the exception, not the rule . . . ." Town Of Winthrop v. F.A.A., 535 F.3d 1, 14 (1st Cir. 2008) (citing Valley Citizens for a Safe Env't v. Aldridge, 886 F.2d 458, 460 (1st Cir. 1989)).

The First Circuit has identified two "limited exception[s]" to the general rule against supplementation—(1) "where there is [ ] 'a strong showing of bad faith or improper behavior' by agency decision makers"; and (2) "where there is a 'failure to explain administrative action as to frustrate effective judicial review.'" Olsen, 414 F.3d at 155-56 (quoting Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402 (1971), overruled on other grounds by Califano v. Sanders, 430 U.S. 99 (1977); Camp v. Pitts, 411 U.S. 138, 142-43 (1973) and citing Town of Norfolk v. U.S. Army Corps of Eng'rs, 968 F.2d 1438, 1458-59 (1st Cir. 1992)); see also Town of Winthrop, 535 F.3d at 14 (same) (quoting Olsen).  The Circuit is explicit that even in such scenarios, courts *may* supplement the record—they are not required to do so.  See Town Of Winthrop, 535 F.3d at 14; Olsen, 414 F.3d at 155.  These exceptions "are narrowly construed and the party requesting discovery bears a heavy burden of showing that it is necessary to supplement the administrative record." Harvard Pilgrim Health Care of New England v. Thompson, 318 F. Supp. 2d 1, 9 (D.R.I. 2004) (citing United States v. Amtreco Inc., 806 F.Supp. 1004, 1006 (M.D. Ga. 1992)).[3]

---

[3] It bears mention that Harvard Pilgrim Health Care identified additional situations in which courts may allow supplementation of a record.  See 318 F. Supp. 2d at 9.  That case, however, was decided before Olsen, and in any event, none of the additional considerations articulated there are applicable here.

4

Analysis

Turning to the present matter, plaintiffs have failed to satisfy their "heavy burden of showing that it is necessary to supplement the administrative record." See Harvard Pilgrim Health Care, 318 F. Supp. 2d at 9 (D.R.I. 2004) (citing Amtreco Inc., 806 F.Supp. at 1006). Plaintiffs' motion relies on the second exception stated above, intimating that "the administrative record produced by the government fails to provide a record that makes the agency decision comprehensible for purposes of judicial review." See Docket # 22 at p. 1. This argument is misguided. As discussed above, the present record includes, *inter alia*, two NOIDs, the USCIS Denial Decision, and the BIA Appeals Decision, each of which makes abundantly clear its respective rationale for denying (or intending to deny) plaintiffs' petition. Accordingly, it cannot be said that upon the present record, the court is incapable of conducting an effective judicial review.

Plaintiffs take issue with the propriety of USCIS' and the BIA's determinations, arguing that "the only evidence in support of [the] fraud finding . . . included in the administrative record is a statement by Mr. Bondarev's ex-wife, which she later recanted" and that "this statement appears unsupported by substantial evidence in the record, and directly contradicted by a plethora of evidence Plaintiffs submitted to rebut the fraud allegation." See id. at pp. 2-3. Herein lies the flaw in plaintiffs' argument—by their own admission, the "plethora of evidence" in favor of their petition was submitted to USCIS and BIA and, as far as the court can discern, is included in the present record. See Docket # 21 at pp. 6-8 (listing among materials in the administrative record: plaintiffs' reply brief on appeal to the BIA, plaintiffs' response to both NOIDs, statements from Roman, Burns, Bondarev, and their acquaintances, "Other Supporting Documents," financial records, and notes from Bondarev and Roman's USCIS interview). As defendants correctly note,

plaintiffs' contention that the BIA's determination is undermined by materials *in the record* plainly goes to the merits—indeed, provides the entire substantive basis—of plaintiffs' claim.  It does not, however, support the notion that supplementation of the record is appropriate, let alone necessary for this court to reach an informed decision on that claim.  If plaintiffs are indeed correct that the BIA's decision runs contrary to certain evidence, that factor presumably will militate in their favor in a determination of the merits of their action.  But they have not identified any reason why the court may not conduct an effective judicial review based upon the present record.[4]  Accordingly, further discovery is not warranted.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion (Docket #22) is denied in its entirety.

/s/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiffs' cited cases do not compel a contrary conclusion. Pub. Power Council v. Johnson, 674 F.2d 791 (9th Cir. 1982) involved a number of unique considerations, not present here, that warranted additional discovery. See id. at 794-95.  Plaintiffs also cite Citizens to Pres. Overton Park, Inc. v. Volpe, 401 U.S. 402 (1971), abrogated by Califano v. Sanders, 430 U.S. 99, (1977) for the proposition that "[t]he court may require the administrative officials who participated in the decision to give testimony explaining their action," but omit the Court's very next statement that "[o]f course, such inquiry into the mental processes of administrative decisionmakers is usually to be avoided." Id. at 420 (citing United States v. Morgan, 313 U.S. 409, 422 (1941)).  Finally, Singh v. Wiles, 747 F. Supp. 2d 1223 (W.D. Wash. 2010) involved a "fragmented" administrative record that was submitted "piecemeal as the adjudication of [plaintiff's] application evolved over . . . three years." Id. at 1225 n.2.